IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOHN HENRY STALLINGS,    §
                         §
        *Plaintiff,*     §                    5:25-CV-01041-OLG-RBF
                         §
vs.                      §
                         §
PHYSICIAN CHARLES LANCE  §
SPACEK, AUDIE L. MURPHY VA §
HOSPITAL;                §
                         §
        *Defendant.*     §
                         §

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the above-referenced case. All pretrial matters

in this action have been referred for resolution pursuant to Rules CV-72 and Appendix C to the

Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No.

11. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, this case should be **DISMISSED** under Rule 41(b) for

want of prosecution and failure to comply with a Court Order.

**Factual and Procedural Background**

On August 21, 2025, Plaintiff John Henry Stallings filed a Motion to Proceed *in Forma

Pauperis* ("IFP") and an attached proposed civil complaint, *see* Dkt. No. 1, as well as a Motion to

Appoint Counsel, *see* Dkt. No. 2. By and through the proposed complaint, Plaintiff claims that

Defendant Charles Lance Spacek committed negligence or medical malpractice that may or may

not have occurred at a government hospital. *See* Dkt. No. 5 at 3-4. According to Stallings, on May

1, 2012, Stallings was rushed to Audie Murphy VA Emergency Room due to severe stomach pain. *Id.* at 4. Stallings alleges to have been discharged by his physician after one week. *Id.* According to Stallings, his primary doctor, presumably Defendant Spacek, repeatedly refused to facilitate Stallings' treatment over a period of years. *Id.* In or about June 2023, Stallings was diagnosed with "cancer tumors." *Id.* Reading Stallings' proposed complaint liberally, Stallings appears to allege that but for his doctor's failure to provide adequate medical care and refer Stallings to a specialist for his stomach pain, Stallings would have received his cancer diagnosis earlier, and therefore he would have undergone cancer treatment sooner. *See id.*

Upon a preliminary review of Stallings' proposed civil complaint, the Court advised Stallings of the case's likely jurisdictional infirmity. *See* Dkt. No. 4. More specifically, Stallings and Defendant Spacek are citizens of Texas, so Plaintiff's proposed complaint fails to allege complete diversity. *See* Dkt. No. 5 at 3; *see also* 28 U.S.C. § 1332; *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (providing that for there to be complete diversity, the "court must be certain that all plaintiffs have a different citizenship from all defendants") (citation omitted). And to the extent Stallings attempts to invoke federal question jurisdiction via a claim under the Federal Tort Claims Act, the proposed complaint lacks any allegations indicating that the claims were administratively exhausted. *See generally* 28 U.S.C. §§ 1346(b)(1), 2674-2675, 2679(b)(1); *see also* Claims Under the Federal Tort Claims Act, U.S. Dep't of Veteran Affairs, Office of General Counsel, https://www.va.gov/ogc/ftca.asp; *see also Farmer v. La. Elec. and Fin. Crimes Task Force*, 553 Fed. App'x. 386, 388 (5th Cir. 2014) ("The FTCA conditions a court's jurisdiction on the plaintiff's compliance with 28 US.C. § 2675(a), which mandates that such a suit not be instituted until a plaintiff files an administrative claim with the appropriate federal agency and the claim is finally denied by that agency.") (citation omitted).

Accordingly, on October 17, 2025, the Court granted Stallings' Motion to Proceed IFP and ordered Stallings to show cause, within 30 days from the date of the Order, as to why the case should not be dismissed for lack of subject matter jurisdiction. *See* Dkt. No. 4 at 8. Stallings never responded to the Court's Show Cause Order.

Then on November 17, 2025, Stallings filed a Motion for Mediation, *see* Dkt. No. 9, and renewed Motion to Appoint Counsel, *see* Dkt. No. 10. The Court, on November 19, 2025, mooted the Motion for Mediation, denied the Motion to Appoint Counsel, and again ordered Plaintiff Stallings to file a more definite statement explaining why the case should not be dismissed for lack of subject matter jurisdiction as well as potential expiration of the statute of limitations. *See* Dkt. No. 12. Stallings never properly responded to the Court's November 19, 2025, Show Cause Order.

On January 28, 2026, Stallings filed a Motion for Extension of Time to Hire Counsel. *See* Dkt. No. 15. From what the Court could ascertain from Stallings' single-page, handwritten document, Stallings requested that the Court extend his deadline to respond to the Court's Show Cause Orders even as he also sought to stay the case until he could obtain legal representation. *See id.* The Court on February 18, 2026, granted-in-part and denied-in-part the Motion and afforded Stallings one final opportunity to file a more definite statement within 30 days of the Court's Order. *See* Dkt. No. 16. The Court specifically advised Stallings:

> This is the fourth and final opportunity for Plaintiff to amend his proposed complaint. If Plaintiff fails to follow the instructions provided herein, the Court will recommend that the case be dismissed for failure to prosecute or comply with a Court order. *See* Fed. R. Civ. P. 41(b).

*Id.* at 4. To date, Stallings has not filed a more definite statement or otherwise appropriately responded to the Court's prior show cause orders, *see* Dkt. Nos. 4, 12, 16, by explaining why his Complaint should not be dismissed under 28 U.S.C. § 1915(e).

**Analysis**

Rule 41(b) permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. Fed. R. Civ. P. 41(b). The Court's authority in this regard stems from its "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash RR. Co.*, 370 U.S. 626 (1962)). "The scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice." *Brown v. King*, 250 Fed. App'x 28, 29 (5th Cir. Oct. 3, 2007) (citing *Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992)). Such may be the case here.

Plaintiff Stallings' causes of action, such as they are, are subject to a two-year limitations period. *See* 28 U.S.C. § 2401(b) (stating, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented"). Here, Stallings complains of events that began on May 1, 2012, and continued for approximately 10 years. *See* Dkt. No. 5 at 4. Stallings also states that he discovered he had cancer in June 2023. *See id*. His claims therefore expired at latest June 2025. But Stallings filed his Motion to Proceed IFP on August 21, 2025. *See* Dkt. No. 1. Accordingly, the limitations period for Stallings' claims likely expired before he filed the proposed complaint.

Assuming the limitations had not expired before Stallings filed his proposed complaint, dismissal of his claims is warranted even though such dismissal would be akin to a dismissal with prejudice. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981) (stating,

where a dismissal would preclude further litigation of the case due to the expiration of the statute of limitations, the dismissal operates as a dismissal with prejudice) (citations omitted). Dismissals with prejudice are only warranted where (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the court determines that lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed but proved to be futile. *See Callip v. Harris Cnty. Child Welfare Dept.*, 757 F.2d 1513, 1519-21 (5th Cir. 1982); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 322 (5th Cir. 1982) ("A clear record of delay coupled with tried or futile lesser sanctions will justify a Rule 41(b) dismissal with prejudice."). "The presence of one aggravating factor, along with the record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice." *Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1985) (citation *Callip*, 757 F.2d at 1519). Stallings' inactivity and violation of numerous Court Orders justify dismissal under the heightened dismissal standard.

### A.    Stallings has Demonstrated Contumacious Conduct.

Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (citation omitted). Such resistance cannot be a result of negligence, "regardless of how careless, inconsiderate, or understandably exasperating" that conduct may be. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (citation omitted). A clear record of delay is found when there have been "significant periods of total inactivity." *Berry*, 975 F.2d at 1191 n.5 (quoting *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)); *see also McNeal*, 842 F.2d at 791 (recognizing that "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity") (citation and internal quotation marks omitted). Stallings has demonstrated contumacious conduct in this case.

Stallings has repeatedly refused to file a more definite statement, despite three Court orders to do so. *See* Dkt. Nos. 4, 12, 16. In each Order, the Court advised Stallings that if he failed to properly respond, his case could be dismissed. In the February 18, 2026, Order, the Court explicitly advised Stallings that "[i]f Plaintiff fails to follow the instructions provided herein, the Court *will* recommend that the case be dismissed for failure to prosecute or comply with a Court order." Dkt. No. 16 at 4 (citing Fed. R. Civ. P. 41(b)) (emphasis added). Even assuming Stallings has pleaded viable claims, which is a long shot, and even further assuming that the Court has jurisdiction to address any claim, which is an even longer shot, the Court can no longer delay in the hope that Stallings will comply with the Court's patient instructions. Stallings' repeated failures to follow simple Court Orders directing him to file a more definite statement that would enable the Court to evaluate whether it has jurisdiction constitutes a "stubborn resistance to authority" warranting dismissal of Stallings' claims. *See McNeal*, 842 F.2d at 792 (citation omitted).

**B.      Lesser Sanctions Have Failed, and Continued Efforts Would Be Futile.**

Because dismissal with prejudice is an extreme remedy in this context, the Court must consider whether lesser sanctions would be "futile or contrary to the interests of justice." *Rogers*, 669 F.2d at 321. Such lesser sanctions may "include assessments of fines, costs, or damages against the plaintiff . . . , conditional dismissal, dismissal without prejudice, and explicit warnings." *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (citation and internal quotations omitted).

Imposition of lesser sanctions have already failed and would be futile if attempted again. The Court has warned Stallings to no avail three times that a failure to respond will result in dismissal. *See* Dkt. Nos. 4, 12, 16. Moreover, Stallings is proceeding IFP, so imposition of fines and costs would be unwarranted. A conditional dismissal or dismissal without prejudice would

6

most likely be futile because, based on the proposed Complaint, Stallings' claims appear to have expired before he filed this suit, and he has refused to provide any information to the Court that might compel a different conclusion. This is especially true given the multiple bases for the Court's concerns about its jurisdiction to address Stallings' claims.

The Court has given Stallings explicit warnings advising him of the deficiencies in his Complaint and his obligations to prosecute his case, but Stallings has failed to follow the Court's guidance. *See* Dkt. Nos. 4, 12, 16. The Court has been patient with Stallings, given that he is appearing pro se. But the Court is under no obligation to allow this case to fester on the trial court's docket, while Stallings remains inactive. By failing even to attempt a substantive response to the Court's three Show Cause orders, Stallings has effectively indicated that he no longer wishes to pursue the litigation. On this record, any sanction less than dismissal would be futile and, thus, dismissal is justified.

### C.    One of the Required Aggravating Factors is Present.

In most cases, at least one of three aggravating factors must be present to warrant a prejudicial dismissal. *Callip*, 757 F.2d at 1519. Those factors are: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price*, 792 F.2d at 474 (citation omitted). Because Stallings appears pro se in this case, any delay is indeed attributable to him and not that of counsel. There has been considerable delay by Stallings; he has taken action in the case, to be clear, but has delayed repeatedly taking the action ordered by the Court. His delay, accordingly, has brought the case to a halt for quite some time and necessitated a great deal of Court management.

Accordingly, because Stallings' conduct involves at least one aggravating factor, a record of contumacious conduct, and because the Court has unsuccessfully considered lesser sanctions

(repeatedly), dismissal even under the more exacting standard involving a narrower scope of discretion is appropriate. *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (discussing factors the Court must consider when the applicable statute of limitations would likely bar future litigation).

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that this case be **DISMISSED** under Rule 41(b) for failure to comply with a court order and want of prosecution.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed

findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 6th day of April, 2026.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

9